UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALANA BROWN, | CASE NO. 2:25-cv-02203-JHC |
| Plaintiff, | ORDER |
| v. | |
| LA-Z-BOY INCORPORATED; STITCH INDUSTRIES INC., | |
| Defendants. | |

This matter comes before the Court on Defendant Stitch Industries Inc's Motion to Dismiss Plaintiff's Class Action Complaint. Dkt. # 17. Defendant argues that Plaintiff's claims should be dismissed because: (1) Plaintiff's claims are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (the CAN-SPAM Act); and (2) Plaintiff fails to state a claim under Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190 *et seq.*, because the Complaint does not plead "plausibly and with particularity that [Defendant's email] subject lines were false." *Id*. at 2–3.

But "[c]ourts in this district have uniformly rejected similar arguments raised by other defendants in motions to dismiss other CEMA/CPA actions." *Hutton v. Papa John's USA*, 2026 WL 1183241, at *1 (W.D. Wash. Apr. 30, 2026) (collecting cases). And many judges have

ORDER - 1

questioned whether the court has subject matter jurisdiction over CEMA actions especially where, as here, it is not obvious from the Complaint that the plaintiff has established injury-in-fact to sustain Article III standing. *See id.* (collecting cases). As a result, many judges in similar actions have ordered the parties to show cause as to why the case should not be remanded to King County Superior Court for lack of standing or alternatively, have ordered the parties to show cause as to why the case should not be stayed pending the Ninth Circuit's resolution of the appeal in *Montes v. Catalyst Brands LLC (Montes II)*, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025). *See id.*

Given the issues raised in the instant motion, as well as the high likelihood that a ruling in *Montes II* will provide clarity as to how the Court must resolve these issues, the Court concludes that a stay may be appropriate. Accordingly, it ORDERS the parties to show cause, on or before June 11, 2026, 2026, as to why this case should not be stayed pending the Ninth Circuit's resolution of the appeal in *Montes II*. Responses shall not exceed 1,800 words, and failure to respond shall be construed by the Court as consent to a stay. The Court also DIRECTS the Clerk to re-note Defendant's Motion (Dkt. # 17) for June 11, 2026.

Dated this 28th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 2